UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tisha Prater, *et al.*,

    Plaintiffs,

v.                                                        Case No. 08-14339

Detroit Police Department *et al.*,           Hon. Sean F. Cox

    Defendants.
_____/

## OPINION & ORDER
## DENYING PLAINTIFFS' MOTION TO STRIKE ANSWER
## AND FOR ENTRY OF DEFAULT JUDGMENT

This matter is currently before the Court on Plaintiffs' Motion to Strike Answer and for Entry of Default Judgment. In this motion, Plaintiffs claim that Defendants have failed to participate in discovery and comply with discovery orders and ask this Court to sanction Defendants by striking Defendants' Answer and entering a default judgment in Plaintiff's favor. The parties have fully briefed the issues. In addition, this Court held a status conference on November 9, 2009, and heard oral argument on December 3, 2009. As set forth below, the Court concludes that *both parties are to blame for the discovery delays in this action* and the Court shall DENY the motion without prejudice.

BACKGROUND

Plaintiffs are female police officers employed by the Detroit Police Department who allege that Defendants discriminated against them when they became pregnant, in violation of Title VII of the Civil Rights Act and their Constitutional Rights. Plaintiffs filed this action on October 13, 2008.

1

As of February 17, 2009, the docket reflected that Defendants had not yet filed an Answer. On February 17, 2009, this Court issued an Order for *Plaintiffs to show cause why this action should not be dismissed for their failure to prosecute*. (Docket Entry No. 6).

On February 26, 2009, Plaintiffs filed a response to the Show Cause Order, stating that they had granted Defendants an extension for filing an answer while the parties were actively discussing a resolution of the case. Defendants filed an Answer on February 26, 2009.

This Court then set a Scheduling Conference for April 7, 2009. At that Conference, Counsel for the parties indicated that they were actively discussing a resolution of the case and that they were confident they would be able to resolve the case in the near future.

Nevertheless, this Court issued a Scheduling Order on April 13, 2009, that provides, among other things that: 1) discovery is to close on December 7, 2009, and 2) motions are to be filed by January 11, 2010.

On May 22, 2009, Plaintiffs filed a motion seeking to compel certain written discovery from Defendants, which was referred to Magistrate Judge Donald Scheer. On July 27, 2009, Magistrate Judge Scheer issued an "Order Granting Plaintiffs' Motion Compelling Discovery" requiring Defendants to produce the requested discovery by April 7, 2009, and awarding Plaintiffs costs in the amount of $1,510.00. (Docket Entry No. 18).

Notably, Plaintiffs did not file any motions seeking to compel any depositions in this matter.

On September 25, 2009, Plaintiffs filed the instant "Motion to Strike Answer and for Entry of Default Judgment." (Docket Entry No. 19). In this motion, Plaintiffs state that, contrary to Magistrate Judge Scheer's July 27, 2009 Order, "Defendants have not produced

2

discovery as ordered; they have not paid the costs and fees as ordered; and they have generally failed and refused to defend this matter." (Pls.' Motion at ¶ 12). Plaintiffs further state that "Defendants have cancelled depositions noticed in this matter, without explanation or suggestions for alternative dates." (*Id*. at ¶ 15).

On October 2, 2009, this Court sent written notice to the parties advising that Plaintiffs had filed the above motion and scheduling the motion to be heard by the Court on December 3, 2009.

On October 28, 2009, Defendants filed a written response to the motion. In that response, Defendants assert that: 1) "the policy at issue has been amended to the satisfaction of all parties;" 2) they have provided documents and supplied Plaintiffs with supplemental discovery responses; 3) they have paid the $1,510 discovery sanction award; 4) after facilitation, Defense Counsel asked that Plaintiffs provide documentation to support their economic and non-economic loss, but Plaintiffs have not provided that; 5) Defendants have not refused to produce any witness for a deposition; and 6) *Plaintiffs did not respond to Defendant's July 8, 2009 request for documents until October 16, 2009, so they too have not honored all applicable dates*. (Docket Entry No. 21).

On November 6, 2009, Plaintiffs filed a Reply Brief indicating that the parties still have some remaining issues and continuing to request that the Court strike Defendants' Answer and enter a default judgment.

On November 9, 2009, this Court held a status conference to discuss the instant motion. When the Court inquired as to the depositions that have been taken thus far, Plaintiffs' counsel

3

indicated that no depositions had been taken to date – despite the fact that this case has a December 7, 2009 discovery cutoff. Counsel acknowledged that the lack of progress as to depositions was attributable to several factors – including the lack of availability of Plaintiffs' counsel due to obligations in other matters and staffing issues. The parties then met face-to-face to discuss the discovery that remained outstanding.

Later that afternoon, the parties placed their agreements as to outstanding discovery on the record. At that time, counsel for Plaintiffs noted the *cooperation between the parties* in asking for a mutual 60-day extension of the scheduling order. (11/9/09 Tr. at 4) ("Given the cooperation between the two parties, we're asking for a 60-day extension, Your Honor."). Following the status conference, the parties submitted a stipulation and order regarding discovery that confirmed the agreed upon depositions and other discovery issues. (Docket Entry No. 27).

Despite the resolution of these issues, Plaintiffs have indicated that they still wish to pursue this motion.

## ANALYSIS

Federal Rule of Civil Procedure 37 authorizes district courts to sanction discovery abusers. "A district judge holds a variety of sanctions in his arsenal, the most severe of which is the power to issue a default judgment." *Grange Mutual Cas. Co. v. Mack*, 270 Fed.Appx. 372, 376 (6th Cir. 2008). Entry of a default judgment for failure to cooperate in discovery is a *sanction of last resort* that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (emphasis added).

Here, Plaintiffs ask this Court to strike Defendants' Answer and issue a default judgment in their favor as a sanction for Defendants' alleged failure to cooperate in discovery. The Court finds this motion to be wholly without merit. While Defendants have caused some delays during discovery in this action, the Court concludes that those delays were not due to willfulness, bad faith, or fault. More importantly, while there have been delays during discovery, the Court concludes that *both parties* are to blame for this case not proceeding as scheduled.

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that Plaintiffs' Motion to Strike Answer and for Entry of Default is DENIED WITHOUT PREJUDICE.

> S/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated: December 3, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 3, 2009, by electronic and/or ordinary mail.

> S/Jennifer Hernandez
>
> Case Manager